UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| PARADISE VALLEY FARMS, et al. ) | |
| ) | |
| Plaintiffs, ) | 3:04-cv-00759-LRH (VPC) |
| ) | |
| vs. ) | <u>ORDER</u> |
| ) | |
| WASHINGTON MUTUAL BANK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

  Before the court is the Joint Status Report filed by the parties on August 11, 2006 (Doc. #62), Briefing by Washington Mutual Regarding the Disputed Scope of the Parties' Settlement Agreement and Requested Enforcement (Doc. #63), and a Response to Defendant's Request for Enforcement of Parties' Settlement Agreement and Motion for Relief of Claims by Defendant and Return of Certain Pieces of Equipment (Doc. #66). The latter document appears to have been prepared by the Plaintiffs, Phillip and Marilyn Geertson (hereafter "Geertsons"), representing themselves in propria persona. The document was express mailed to the court on September 18, 2006, and contains no evidence of service upon Defendant, Washington Mutual Bank (hereafter "Washington Mutual"). Notwithstanding what may be a lack of service and an opportunity to respond by Washington Mutual, the court has considered the document.

  In this action, a settlement agreement was entered into by the parties in open court on February 14, 2006. The parties were represented by counsel and were thoroughly canvassed by the court regarding the settlement terms that included, but were not limited to, the Geertsons releasing certain equipment to Washington Mutual. The settlement was accepted and approved

by the court but a dispute arose between the parties concerning the extent of the equipment to be retained by the Geertsons and to be released to Washington Mutual.  The court held a status conference on June 8, 2006, and received evidence pertaining to the disputed equipment.  At the conclusion of the hearing, the court ordered the Geertsons to submit copies of titles as well as copies of tax returns to Washington Mutual concerning the equipment in dispute.  After some delay, certain titles and tax returns were produced as well as a "reconstruction" which apparently was created on June 10, 2006, two days after the conference before the court, and purported to be a reconstruction of records purporting to show equipment "purchases" by Geertson Mfg & Sales Co., Inc.

The court has considered the evidence presented at the June 8, 2006, hearing, all exhibits that have been presented in support of that hearing as well as the limited documents and the reconstruction that were provided by the Geertsons to Washington Mutual subsequent to the court's hearing.

The court finds by clear and convincing evidence that Washington Mutual is entitled to the relief it seeks concerning the scope and extent of the equipment and vehicles required to be transferred and released to Washington Mutual.  The stipulated settlement of this action clearly includes all of such equipment that has been identified within the exhibits presented by Washington Mutual at the hearing on June 8, 2006.  Plaintiffs, including Geertson Mfg & Sales Co., Inc., were required to transfer and release all equipment, including vehicles, to Washington Mutual save and except for three pieces of equipment; to wit, the 1999 John Deere 9610 combine, the 1982 John Deere 4240 tractor, and the Hyster 500 pound diesel forklift.

Counsel for Washington Mutual shall immediately submit proposed writs of possession authorizing Washington Mutual to take possession of any and all such equipment, inclusive of vehicles, to which Washington Mutual is entitled under the terms of the parties' settlement agreement.   With the exception of three pieces of equipment identified above, this includes vehicles and equipment that Plaintiffs may have removed and secreted from Washington Mutual, includes equipment and vehicles contended to be the property of Geertson Mfg & Sales Co., Inc. and other equipment and vehicles held in the names Phillip W. Geertson and/or Marilyn I.

1  Geertson.

2      The failure of the Geertsons, in particular Phillip W. Geertson and Marilyn I. Geertson, to
3  fully cooperate with Washington Mutual may result in serious sanctions being imposed by the
4  court.  Washington Mutual shall also be entitled to conduct oral depositions of the Geertsons in
5  aid of satisfaction of the rights and duties set forth by the court in this order.  Reasonable notice
6  of no less than ten (10) days of such depositions shall be given by Washington Mutual and may
7  be given by mail to Geertsons' counsel of record in this action.

8      IT IS SO ORDERED.

9      DATED this 2nd day of October, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE