UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PARADISE VALLEY FARMS, et al.,

    Plaintiffs,

v.

WASHINGTON MUTUAL BANK,

    Defendants.

03:04-CV-00759-LRH-VPC

ORDER

    Before the court is Defendant Washington Mutual Bank's (hereafter "WMA") Motion to Compel (Doc. #77), Plaintiffs Phillip and Marilyn Geertson's Answer to Motion to Compel and Complaint and Demand for Jury Trial (Doc. #79) and Defendant WMA's Reply (Doc. #78). Also before the court are a Motion for Oral Hearing (Doc. #82) by Plaintiff Phillip Geertson and a Response by WMA (Doc. #83).

    The parties are familiar with the history of this dispute and the court will not detail it. Suffice to say, this has been a painful and contentious litigation which culminated in a stipulated settlement agreement which was approved by the court. Disputes arouse concerning whether certain equipment and vehicles were included in the settlement and, after a hearing in June, 2006, the court ruled generally in favor of WMA and ordered that WMA was entitled to the equipment and vehicles at issue (Doc. # 67). Plaintiff WMA has brought its motion to compel based upon its

1  inability to recover various pieces of the equipment. The court will grant WMA's Motion to
2  Compel in part and deny it in part.
3      The court notes that the pleadings filed by Plaintiffs which are referenced in the first
4  paragraph of this order are generally not competent. They obviously represent an attempt by Mr.
5  Geertson to represent himself and his wife in a pro se fashion. The untimely pleadings are
6  unsigned, exhibits are not authenticated and the pleadings fail to comply with either the Local
7  Rules or the Federal Rules of Civil Procedure. Much of them consist of an attempt to reargue and
8  present issues which were resolved through the settlement of this litigation while the plaintiffs were
9  represented actively by counsel  The court strongly recommends that Mr. Geertson re-establish a
10 relationship with counsel. However, in the interests of justice and in deference to the personal
11 losses which have been suffered by plaintiffs Geertson, the court will recognize the legitimately
12 responsive portions of the Geertson pleadings.
13     It is clear to the court that a significant portion of the vehicles and equipment awarded to
14 WMA as a result of the stipulated settlement were transferred to WMA either before or after the
15 co 's order of October 2, 2006 (Doc. #67). Apparently a significant portion of the recovered
16 property was sold and/or transferred to Greg Obendorf, a subsequent purchaser from WMA of the
17 property formerly owned by the Geertsons. However, WMA has failed to identify what it
18 specifically did and did not receive. Notwithstanding this failure, it has made a showing of certain
19 specific equipment which warrants the granting of WMA's motion as follows:
20     Good cause appearing, IT IS HEREBY ORDERED that plaintiff Phillip Geertson serve a
21 written accounting to WMA counsel within twenty (20) days of this order which accurately
22 describes to the best of his knowledge the condition, location, history to the current date and value
23 of the following items which were ever owned or possessed by any of the Geertsen plaintiffs since
24 December 15, 2003:
25     1978 Star Hopper bottom semi trailer;
26

2

1981 Tempto storage van semi trailer:

1994 Load Master Gooseneck trailer;

1961 Fruehauf flat bed semi trailer;

1972 drop deck trailer;

Two (2) Cat 641 Paddle Scrapers, self propelled, believed to have been located at the real property commonly known as the William Hansen Place on Dutch Flat Rd., Winnemucca, Nevada;

D9 Cat, believed to have been located at the real property commonly known as the Dave Rose Place;

1975 Trail Mobile storage semi-trailer, believed to have been located at the real property commonly known as the Paul Hommes Place;

large IH disc, model # 496DH, believed to have been located at the real property commonly known as the John Hommes Place; and,

Carry All Laser Leveler.

The court further orders that all of the foregoing items to which any plaintiffs may have access be immediately delivered or made available for delivery to WMA by placement at the nearest Owyhee County, Idaho, Mahleur County, Oregon or Humboldt County, Nevada property formerly owned by Plaintiffs and subsequently deeded to WMA.

All other relief requested by WMA in its Motion to Compel (Doc. #77) is hereby denied without prejudice to seeking further relief for specifically identified property and specifically described sanctions. The court will consider appropriate sanctions, particularly for any willful non-compliance by plaintiffs.

Other than allowing plaintiff's untimely pleadings, all relief requested by plaintiffs is denied. Plaintiffs are admonished that all future pleadings shall be signed, shall include the signer's address and telephone number, and shall otherwise conform to the Federal Rules of Civil Procedure (particularly Rule 11) and the Local Rules of Practice. Pleadings shall be properly filed

1 | with the clerk and served upon opposing counsel.

2 | Plaintiffs' motions not otherwise addressed in this order are denied as moot.

3 | IT IS SO ORDERED.

4 | DATED this 28th day of September, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE