UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PARADISE VALLEY FARMS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>    Defendants. | 03:04-CV-00759-LRH-VPC<br><br>ORDER |

    Presently before the court is plaintiff Phillip Geertson's ("Geertson") Request for Reconsideration (# 85[1]). Defendant Washington Mutual Bank ("WMA") has filed an opposition (# 87), and Geertson replied (# 88).

    At issue in the present motion are two orders entered by this court. First, is the court's October 2, 2006, Order (# 67) that found by clear and convincing evidence that WMA was entitled to the relief it sought concerning the scope and extent of the equipment and vehicles required to be transferred and released to WMA. (October 2, 2006, Order (# 67) at 2.) Also at issue is the court's September 28, 2007, Order (# 84) that granted in part and denied in part WMA's Motion to Compel (# 77). The court's September 28, 2007, Order required Geertson to serve a written accounting to WMA that accurately describes the condition, location, history to the current date and

---

[1] Refers to the court's docket number.

1  value of certain items which were ever owned or possessed by any of the Geertson plaintiffs since
2  December 15, 2003.  The court further ordered that any specifically enumerated items that any
3  plaintiff has access to be immediately delivered or made available for delivery to WMA.
4        A motion for reconsideration can be brought pursuant to either Rule 59(e) or 60(b) of the
5  Federal Rules of Civil Procedure.  *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063-64 (9th
6  Cir. 2005).  Geertson's motion does not identify whether it is filed pursuant to Rule 59(e) or 60(b).
7  A motion for reconsideration filed within ten days of entry of judgment is treated as a Rule 59(e)
8  motion.  *American Ironworks & Erectors, Inc. v. N. American Const. Corp.*, 248 F.3d 892, 898-99
9  (9th Cir. 2001).  If the motion is not filed within ten days of entry of judgment, it is treated as a
10  Rule 60(b) motion.  *Id.* at 899.  As judgment as not been entered in this case, the court will treat the
11  present motion as one filed pursuant to Rule 60(b).
12        Rule 60(b) permits the court to relieve a party from an order for the following reasons: (1)
13  mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with
14  reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud,
15  misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment
16  has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed
17  or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies
18  relief.  Fed. R. Civ. P. 60(b).
19        Geertson now seeks reconsideration of the court's orders arguing that the court failed to
20  apply the correct standard of law, failed to consider all the facts that have been provided and that
21  the orders were manifestly unjust.  Specifically, Geertson argues that WMA has not adequately
22  described the equipment and that WMA has not made the proper filing under the Uniform
23  Commercial Code.  Geertson further appears to argue that certain equipment sought by WMA has
24  either been turned over to or didn't exist at the time of the settlement.  WMA opposes the motion
25  arguing that it fails to raise any newly discovered evidence, present any intervening change in
26

controlling law, or show that the court's initial decision was in error or manifestly unjust. WMA further seeks sanctions in the form of attorney's fees and costs in the amount of $1,472.

Upon careful consideration of the parties' points and authorities and relevant law, the court finds no basis to reconsider its prior orders. Geertson has not identified any specific section of the Uniform Commercial Code that was not complied with. Moreover, Geertson has not identified any specific equipment that was not subjected to a WMA lien nor provided any evidence of such. Furthermore, Geertson has failed to provide any evidence that the equipment subject to the court's order has been turned over to WMA or did not exist at the time of the settlement agreement.

The court has previously found that the settlement reached by the parties includes all equipment that has been identified within certain exhibits presented by WMA at a June 8, 2006, hearing. Geertson has failed to show any error in this decision. The court specifically approved the parties' settlement after it canvassed the parties regarding their understanding of the agreement. Thus, the court finds that the agreement is not vague and unenforceable. Furthermore, Geertson's conclusory arguments that the equipment was not sufficiently identified fail to provide cause to reconsider the court's previous order. Finally, the court will deny WMA's request for sanctions but will consider such a request in the future if Geertson fails to comply with the court's order.

IT IS THEREFORE ORDERED that Geertson's Request for Reconsideration (# 85) is hereby DENIED. Geertson shall immediately comply with the court's September 28, 2007, Order.

IT IS SO ORDERED.

DATED this 27th day of December, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE